

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:25-cv-03200-JLS-KES                                   Date: April 16, 2025
Title:  Paul MaGuire v. Rene A. Polanco et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT**

Non-Party Fernando Torres purports to remove the present state-law unlawful detainer action.  (Notice of Removal ("NOR"), Doc. 1.)  But because Torres is a non-party who is not entitled to remove this action, and because the Court lacks subject-matter jurisdiction, the Court REMANDS the present action.

Plaintiff Paul MaGuire filed a complaint in state court for unlawful detainer against Rene Polanco.  (*See* NOR at 49–51.)  Despite his representation to the contrary, Torres is not a party to the state-court complaint.  (*Id.* at 3 (identifying himself as a "Defendant"); *see also id.* at 49–51.)  Only "the defendant or the defendants" may remove a case to federal court.  28 U.S.C. § 1441(a).  Therefore, the removal of this action is improper and must be remanded.

Other reasons require remand as well.  Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, a removing party bears the burden of establishing it.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  Unlawful detainer actions do not arise under federal law; they arise under state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-03200-JLS-KES                                        Date: April 16, 2025
Title:  Paul MaGuire v. Rene A. Polanco et al

law.  Therefore, the Court has no federal question jurisdiction.  *See* 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

Torres's attempt to rely upon 42 U.S.C. § 1983 does not confer federal question jurisdiction upon the Court here.  (*See* NOR ¶¶ 3,5.)  This is the assertion of a federal defense to a state-law claim, but a federal defense is insufficient to invoke the Court's federal-question jurisdiction.  *See Vaden v. Discover Bank*, 556 U.S. 49, 59–60 (2009) (noting that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim").  Other district court cases considering the issue of whether defenses under Section 1983 may serve as a jurisdictional basis for the removal of state unlawful detainer actions have rejected this contention.  *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Azam*, 2013 WL 12130577, at *1 (C.D. Cal. Apr. 30, 2013), *aff'd sub nom. U.S. Bank Nat. Ass'n v. Azam*, 582 F. App'x 710 (9th Cir. 2014); *Ahn v. Barahona*, 2015 WL 12656916, at *3 (C.D. Cal. Apr. 24, 2015).  This Court does as well.

Torres does not purport to invoke the Court's diversity jurisdiction, but even if he did, these requirements are not met either.  The amount in controversy is expressly identified as not in excess of $12,500, and there is no diversity of citizenship, as all parties appear to live in California.  *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).  Moreover, in the absence of a federal question, a resident of the forum state may not remove an action to federal court.  *See* 28 U.S.C. § 1441(b).

Accordingly, the Court REMANDS this action, 25PDUD00598, to the Los Angeles County Superior Court.

Initials of Deputy Clerk: kd